**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4885**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CRAIG COOK,

              Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:07-cr-00239-1)

Submitted: August 20, 2009            Decided: August 24, 2009

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John H. Tinney, Jr., THE TINNEY LAW FIRM PLLC, Charleston, West Virginia, for Appellant.  Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craig Cook was convicted, pursuant to a guilty plea, of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (h) (2006). The district court sentenced Cook to 87 months' imprisonment and three years of supervised release. Cook's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the reasonableness of Cook's sentence, but concludes that there are no meritorious issues for appeal. Cook was notified of his right to file a supplemental pro se brief, but has failed to do so. Finding no reversible error, we affirm.

Cook's sole claim of error on appeal is the challenge to his sentence. He claims abuse of the district court's discretion in its refusal to grant him an acceptance of responsibility reduction in the calculation of his offense level for his acceptance of responsibility based upon his single transgression of the terms and conditions of his presentence bond, when he tested positive for the use of illicit drugs. When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the

2

[g]uidelines range," is for abuse of discretion.  Id. at 591. Sentences within the applicable guidelines range may be presumed by the appellate court to be reasonable.  United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Cook, appropriately treating the sentencing guidelines as advisory, properly calculating and considering the applicable guidelines range and the relevant § 3553(a) factors. Cook's guidelines range was 70 to 87 months' imprisonment.  His 87-month sentence, which is within the applicable guidelines range, may be presumed reasonable by this court on appeal. Pauley, 511 F.3d at 473.  Nor do we find erroneous the district court's decision not to award an acceptance of responsibility reduction of Cook's offense level, based on his positive drug screen.  We conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Cook's conviction and sentence.  This court requires that counsel inform Cook, in writing, of the right to petition the Supreme Court of the United States for further review.  If Cook requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation. Counsel's motion must state that a copy thereof was served on Cook. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED